# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

      Plaintiff,                   :          Case No. 3:08-cr-041
                                                Also 3:12-cv-397

                                                District Judge Thomas M. Rose
   -vs-                                  Magistrate Judge Michael R. Merz
                                     :

EVERARDO RODRIQUEZ-VILCHIS,

      Defendant.

---

## DECISION AND ORDER DENYING MOTION TO RECUSE

---

      This § 2255 case is before the Court on Defendant's Motion for the Recusal of United States Magistrate [Judge] Michael R. Merz from Proceeding in this Civil Action Case (the "Motion to Recuse," Doc. No. 216).

      Motions to recuse are to be decided in the first instance by the judicial officer sought to be disqualified. *United States v. Studley,* 783 F.2d 934, 940 (9th Cir. 1988); *In re Drexel Burnham Lambert, Inc.,* 861 F.2d 1307, 1312 (2d Cir. 1988) *reh'g denied*, 869 F.2d 116; *MacNeil v. Americold Corp.*, 735 F. Supp. 32, 36 (D. Mass. 1990)(specifically applying rule to United States Magistrate Judges).

      Defendant is unclear about the statutory basis of his Motion: the Motion refers to 28 U.S.C. §§ 455(a) and 455(b)(1), but the attached Affidavit refers to 28 U.S.C. § 144 (Motion to Recuse, Doc. No. 216, PageID 741 and 746). This Decision will accordingly analyze the Motion under both standards.

Under 28 U.S.C. § 144 the party seeking disqualification must make an affidavit of personal bias or prejudice, accompanied by his counsel's certificate that the affidavit is made in good faith.  When a party is proceeding *pro se*, no counsel's certificate is required.  While the affidavit is directed in the first instance to the judicial officer sought to be disqualified, if it is timely and legally sufficient, recusal is mandatory;  the truth of the facts set forth in the affidavit are not drawn in question, but only their legal sufficiency.  13A C. Wright, A. Miller, and E. Cooper, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION AND RELATED MATTERS 2D, §§ 3541, et seq.*,* particularly  §3550.  To be legally sufficient under §144, assertions in an affidavit must be definite as to time, place, persons, and circumstances.  *Berger v. United States*, 255 U.S. 22, 41 S. Ct. 230, 65 L. Ed. 2d 481 (1921).  Such detail is necessary to prevent abuse of § 144.  *Grimes v.United States*, 396 F.2d 331 (9th Cir. 1968).  One distinguished court has held that the appropriate level of detail is the same as required in a bill of particulars.  *United States  v. Mitchell*, 377 F. Supp. 1312 (D.D.C. 1974)(Sirica, J.), *aff'd. sub. nom. United States v. Haldeman*, 559 F.2d 31 (D.C. Cir. 1976).

Under 28 U.S.C. § 455, different procedure is applicable:  no motion or affidavit is required, since the statute places a burden on a judge to disqualify himself or herself *sua sponte.*  There is no timeliness requirement.  *Roberts v. Bailar*, 625 F.2d 125, 128 (6th Cir. 1980). The Court, moreover, need not accept as true the factual statements in the affidavit if one is filed.  *Phillips v. Joint Legislative Committee on Performance and Expenditure Review of Mississippi*, 637 F.2d 1014, 1019, n.6 (5th Cir. 1981).

The standard applied in evaluating recusal motions is an objective one.  "[W]hat matters is not the reality of bias or prejudice, but its appearance."  *Liteky v. United States,* 510 U.S. 540 (1994).  A federal judicial officer must recuse himself or herself where "a reasonable person with

knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. This standard is not based 'on the subjective view of a party,'" no matter how strongly that subjective view is held. *United States v. Nelson*, 922 F.2d 311 (6th Cir. 1990); *Hughes v. United States*, 899 F.2d 1495 (6th Cir. 1990); *Wheeler v. Southland Corp.*, 875 F.2d 1246 (6th Cir. 1989); *Browning v. Foltz*, 837 F.2d 276, 279 (6th Cir. 1988). Review is for abuse of discretion. *Wheeler*. Where the question is close, the judge must recuse himself. *Roberts v. Bailar,* 625 F.2d 125, 129 (6th Cir. 1980).

The first paragraph of the Affidavit (PageID 746) asserts bias and prejudice because Mr. Rodriquez-Vilchis asserts I ignored in the most recent Report and Recommendations a "reply/response" which he claims he mailed to the Court on January 13, 2013. That averment presents no basis for recusal because in fact the "reply/response" has never been filed and the Clerk of Court has no record of receiving it. In fact, the Certificate of Service on the Motion to Recuse claims that to have sent "an additional copy of defendant's reply/response dated Jan. 13, 2013," but no such document was included with the Motion to Recuse.

The second paragraph of the Affidavit asserts that I "made a statement [in the Report and Recommendations] that would indicate differences due to my claim of racial profiling cases, and does concern me of receiving equal protection of the law and due process in my case if he would continue in these proceeding [sic], because I believe my statement has affected him by the way he has treated my proceedings in these matters." (PageID 746.) Mr. Rodriquez-Vilchis does not say what statement he is referring to. The only possible statement is the following

> Defendant claimed the Magistrate Judge denied him procedural due process when failing to grant equitable tolling based on his being "Hispanic not able to read, write and understand English, and the lack of Spanish materials instructing defendants [on] the laws and rules of time limits for filing 2255 petitions" relying on *Mendoza v. Carey*, 449 F.3d 1065 (9th Cir. 2006) (Objections, Doc.

3

> No. 211, PageID 716.) After the case was recommitted to the Magistrate Judge, he withdrew the Report to dispel the misperception of bias and granted Defendant leave to file, not later than February 1, 2013, "an affidavit setting forth all of the facts known or available to him in support of his claim of equitable tolling" along with "an affidavit [from the prison library personnel] of the materials available to prisoners in Spanish with respect to the time limits for filing under § 2255 and when those materials became available." (Order of December 31, 2012, Doc. No. 213, PageID 726).

(Supplemental Report and Recommendations, Doc. No. 214, PageID 728.)

The sequence of relevant events is as follows:

**August 4, 2009:** Defendant is sentenced and takes no appeal.

**November 5, 2012:** Defendant signs his § 2255 Motion to Vacate and it is deemed filed as of that date. He claims entitlement to equitable tolling because he "does not speak, write or understand the English language nor the process and functions of the American legal system. . ."

**December 3, 2012:** Original Report (Doc. No. 210) recommends dismissal because Defendant has not proved entitlement to equitable tolling.

**December 27, 2012:** Defendant objects, claiming bias and prejudice in failing to give him the benefit of the Ninth Circuit's decision in *Mendoza v. Carey*, 449 F.3d 1065 (9th Cir. 2006).

**December 28-31, 2012:** Magistrate Judge seeks and obtain a recommittal from Judge Rose (Doc. No. 212), then withdraws the original Report to give Defendant an opportunity to provide facts in support of equitable tolling by February 1, 2013 (Doc. No. 213).

**January 13, 2013:** Defendant claims he mailed the supplemental materials on this date. As of **February 22, 2013**, forty days later, they have not been received by the Clerk.

I have no personal bias toward Mr. Rodriquez-Vilchis. I have never met him or heard anything about him except for what has been written in the papers he has filed in this case. His Affidavit does not contain facts establishing a disqualifying personal bias.

4

A disqualifying prejudice or bias must ordinarily be personal or extrajudicial. *United States v. Sammons,* 918 F.2d 592 (6th Cir. 1990); *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1250 (6th Cir. 1989). That is, it "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United States v. Grinnell Corp.*, 384 U.S. 563, 583, 86 S. Ct. 1698, 1710, 16 L. Ed. 2d 778 (1966); *see also Youn v. Track, Inc.,* 324 F.3d 409 (6th Cir. 2003)*;Bradley v. Milliken,* 620 F.2d 1143 (6th Cir. 1980); *Woodruff v. Tomlin*, 593 F.2d 33, 44 (6th Cir. 1979). Since the decision in *Liteky, supra,* "federal courts have been uniform in holding that § 455(a) cannot be satisfied without proof of extrajudicial bias, except in the most egregious cases." Flamm, Judicial Disqualification 2d § 25.99, *citing In re Antar,* 71 F.3d 97 (3rd Cir. 1995).

Mr. Rodriquez-Vilchis has cited no extrajudicial facts supporting his claim of bias and his claim with respect to judicial facts – that I ignored his January 13, 2013, filing – is untrue because the filing was never made.

The Motion to Recuse is DENIED.

February 25, 2013.

s/ *Michael R. Merz*<br>United States Magistrate Judge